IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TROY ANTHONY HARDEN, | : |
| Petitioner, | : |
| VS. | : CIVIL ACTION NO. 5:12-CV-218 (MTT) |
| Warden KENNETH VAUGHN, | : |
| Respondent. | : |

**ORDER**

Before the Court are Petitioner **TROY ANTHONY HARDEN'S** "Motion for Discretionary Review" (Doc. 8) and "Motion to Amend Original Application by Adding Additional Ground #7" (Doc. 9).

Harden filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court on June 11, 2012 ("2012 petition"). He challenged the September 9, 2005, revocation of three years, eight months, and five days of his probation in Baldwin County Superior Court, Criminal Case Number 41479 ("Baldwin County Criminal Case 41479"). Harden explained that he had previously filed a 28 U.S.C. § 2254 petition in this Court challenging this same probation revocation ("2008 petition"). Harden stated that the grounds he raised in his 2012 petition were the same as those he raised in his 2008 petition.

**I. HARDEN'S 2008 PETITION**

A review of this Court's records[1] revealed Harden did file a petition for writ of habeas corpus on November 11, 2008, in which he challenged his September 19, 2005

---

[1] The Court has authority to take judicial notice of its own records. *United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987).

probation revocation.  (*Harden v. Hunter*, 5:08-CV-443 (CAR)).   The United States Magistrate Judge found that Harden received a ten year probated sentence on May 14, 1999, in Baldwin County Georgia when he pled guilty to theft by conversion, theft by deception, and forgery in Baldwin County Criminal Case 41479.   He was later arrested and charged with theft by receiving stolen property and transaction card fraud in Hancock County Superior Court, Criminal Case Number 05-CR-088 ("Hancock County Criminal Case 05-CR-088").   These new charges were the reason for the September 9, 2005, probation revocation.

Harden appeared at the probation revocation hearing with counsel and ultimately stipulated to the fact that he had violated the terms of his probation.   Harden agreed to the stipulation as part of a plea bargain deal with the assistant district attorney; i.e., if Harden would stipulate to the probation violation, he would receive a reduced sentence on the new charges.   On September 9, 2005, the revocation court accepted Harden's stipulation, revoked his probation in full, and sentenced Harden to "confinement in the state prison system" with his "case end[ing] on May 13, 2009."   (Doc. 1-7 in *Harden v. Hunter*, 5:08-CV-443 (CAR)).   When Harden appeared for Hancock County Criminal Case 05-CR-088 on September 14, 2005, the trial court rejected the plea agreement on the new charges.   Harden was imprisoned on the probation revocation and the new charges in Hancock County Criminal Case 05-CR-088 remained pending.[2]   (Doc. 24 at

---

[2] Based on documents submitted by Harden, it appears that on June 22, 2009, he ultimately pled guilty to four counts of Financial Identity Fraud and one count of Theft by Receiving Stolen Property in Hancock County Criminal Case 05-CR-088.   Harden received five years for each of the five counts, all of which were to run concurrently, with an end date of June 21, 2014.   (Doc. 1-8 in *Harden v. Vaughn*, 5:12-CV-218 (MTT)).   Harden was permitted to serve the sentence on probation, subject to various conditions.   That probation has now been revoked and Harden is apparently incarcerated pursuant to that revocation.

p. 5 in *Harden v. Hunter*, 5:08-CV-443 (CAR))

The United States Magistrate Judge found, and information on the Georgia Department of Corrections' website confirms, that Harden was released from prison on November 28, 2007, which was approximately one year and six months prior to his maximum release date of May 13, 2009.  See www.dcor.state.ga.us.  Approximately one year after his release, Harden filed his 2008 petition in this Court, in which he challenged his September 9, 2005 probation revocation in Baldwin County Criminal Case 41479 and he sought release from prison and parole.[3]

On June 19, 2009, the United States Magistrate Judge recommended that Harden's 2008 "petition be dismissed as moot in light of the fact that Petitioner's probated sentence which was revoked has been fully satisfied, and any consequences of parole revocation no longer exist because his maximum release date was May 13, 2009."  The June 19, 2009 Recommendation also stated:

> [A]lthough it does not appear that any further analysis is necessary in this case, there is ample precedent to suggest that, absent a clear violation of constitutional due process rights, a state prisoner is not entitled to federal habeas corpus relief in challenging a state's grant or denial of probation or related procedures. . . . [A] review of the record [shows] no clear constitutional due process violations with respect to petitioner Harden's probation revocation.
>
> In light of all of the foregoing, it is recommended that the above captioned petition be dismissed.

(Doc. 35 in *Harden v. Hunter*, 5:08-CV-443 (CAR)).

---

[3] After his release from prison on November 28, 2007, Harden was apparently arrested again on September 18, 2008 and was incarcerated for eight months.  It was during this particular incarceration that Harden filed his 2008 petition on November 11, 2008.  (See Doc. 8 in *Harden v. Bright*, 5:11-CV-90 (MTT), a 42 U.S.C. § 1983 action in which Harden attempted, unsuccessfully, to attack the September 19, 2005 revocation of his probation in Baldwin County Criminal Case 41479.)

On October 7, 2009, the United States District Court entered an Order that stated:

> Before the Court is the United States Magistrate Judge's Recommendation . . . that the instant petition for habeas corpus relief be dismissed as moot in light of the fact that Petitioner's probated sentence, which was revoked has been fully satisfied, and any consequences of parole revocation no longer exist because his maximum release date was May 13, 2009. Petitioner has filed no Objection to the Recommendation. The Court, having considered the Recommendation, agrees that the petition should be dismissed. Therefore, the Recommendation is hereby adopted and made the Order of the Court.[4]

(Doc. 35 in *Harden v. Hunter*, 5:08-CV-443 (CAR))

## II. HARDEN'S 2012 PETITION

Almost three years after his 2008 petition was dismissed, Harden filed his 2012 petition. Harden has been incarcerated again, not pursuant to the September 9, 2005 probation revocation, but because his probation from Hancock County Criminal Case 05-CR-088 has been revoked. (Doc. 1-8 in *Harden v. Vaughn*, 5:12-CV-218 (MTT)). Based on documents submitted by Harden, it appears that on June 22, 2011, the Hancock County Superior Court found by a preponderance of the evidence that Harden violated the terms of his Hancock County probation. (Doc. 1-8 in *Harden v. Vaughn*, 5:12-CV-218 (MTT)). The court sentenced him to 120 days in the Hancock County Jail, suspended upon his entry into a State Probation Detention Center for the balance of his probation, ending on June 21, 2014. (Doc. 1-8 in *Harden v. Vaughn*, 5:12-CV-218 (MTT)).

On June 25, 2012, the Court dismissed Harden's 2012 petition as successive because he was attacking the same September 5, 2009 probation revocation in Baldwin

---

[4] Neither the United States Magistrate Judge's Recommendation nor the District Court's Order stated that the dismissal was without prejudice.

- 4 -

County Criminal Case 41479 that he attacked in his 2008 petition. (Doc. 5 in *Harden v. Vaughn*, 5:12-CV-218 (MTT)). The Court explained to Harden that before it could consider a successive petition, he must obtain an order from a three judge panel of the Eleventh Circuit authorizing this Court to do so. Harden filed an application with the Eleventh Circuit and they denied it as unnecessary, finding:

> District Court records indicate that Harden has filed three previous habeas petitions, in 2005, 2008, and 2012, and all three petitions were denied without prejudice. Because he has not filed any subsequent habeas petitions, the current proposed § 2254 petition is not second or successive within the meaning of 28 U.S.C. § 2244(b).

(Doc. 8.1 in *Harden v. Vaughn*, 5:12-CV-218 (MTT)).

## II. "MOTION FOR DISCRETIONARY REVIEW"

Based on the ruling he received from the Eleventh Circuit, Harden filed his "Motion for Discretionary Review," in which he cites Fed. R. Civ. P. 60(b)(6), and asks the Court to reconsider its June 25, 2012 Order. (Doc. 8 in *Harden v. Vaughn,* 5:12-CV-218 (MTT)). Thus, this Court construes Harden's "Motion for Discretionary Review" as a Motion for Reconsideration.

It is readily apparent that the habeas petition filed by Harden in 2005, in which he attacked the same September 9, 2005 probation revocation in Baldwin County Criminal Case 41479, was dismissed without prejudice because Harden had not yet exhausted his state remedies. (Doc. 4 and 6 in *Harden v. Massey*, 5:05-CV-377 (WDO)). This would explain why the Court did not dismiss his subsequent 2008 petition as successive. Instead, the United States Magistrate Judge recommended that his 2008 petition be dismissed because Harden's probated sentence was fully satisfied, any consequences of the September 5, 2005 probation revocation no longer existed, and because Harden had

not shown a clear constitutional due process violation with respect to the probation revocation." (Doc. 33 in *Harden v. Hunter*, 5:08-CV-443 (CAR)). The District Court adopted the Recommendation and it was made the Order of the Court. (Doc. 35 in *Harden v. Hunter*, 5:08-CV-443 (CAR)). Given these rulings, this Court assumed the 2008 petition was dismissed with prejudice.

However, the Eleventh Circuit has found that the Court's dismissal of Harden's 2008 petition was without prejudice. In accordance with this finding, the Court **GRANTS** Harden's "Motion for Discretionary Review," which it construes as a Motion for Reconsideration, and **VACATES** its June 25, 2012 Order to the extent that it found Harden's 2012 habeas petition was second or successive.[5]

It appears to this Court that Harden's 2012 petition is moot for the same reasons his 2008 petition was moot. However, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, this Court can dismiss Harden's petition only "[i]f it **plainly** appears from the petition and any attached exhibits that the petitioner is not entitled to relief." (emphasis added). Given Harden's voluminous, virtually incoherent, filings, coupled with his extensive criminal record, which includes numerous convictions and probation revocations, the Court cannot make this finding.

Therefore, **IT IS HEREBY ORDERED** that within thirty (30) days of the date of this Order, Harden shall amend his petition to include every unalleged possible constitutional error or deprivation entitling him to federal habeas corpus relief, failing which Harden will be presumed to have deliberately waived his right to complain of any constitutional errors or deprivations other than those set forth in his initial habeas petition. If amended, Harden will be presumed to have deliberately waived his right to complain of any

---

[5] The Court's grant of Harden's application to proceed *in forma pauperis* should remain.

constitutional errors or deprivations other than those set forth in his initial and amended habeas petitions. Because Harden is given this opportunity to amend his petition, his August 29, 2012 "Motion to Amend Original Application by Adding Additional Ground #7" is **DENIED** as unnecessary. Should Harden want to include this claim, he can do so in response to this Order.

**IT IS FURTHER ORDERED** that the Respondent file an answer to the allegations of the petition and any amendments within sixty (60) days after service of this Order and in compliance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. Either with the filing of the answer or within fifteen (15) days after the answer is filed, the Respondent shall move for the petition to be dismissed or shall explain in writing to the Court why the petition cannot be adjudicated by a motion to dismiss.

Any and all exhibits and portions of the record upon which Respondent relies must be filed contemporaneously with Respondent's answer or dispositive motion.

No discovery shall be commenced by either party without the express permission of the Court. Unless and until Harden demonstrates to this Court that the state habeas court's fact-finding procedure was not adequate to afford a full and fair evidentiary hearing or that the state habeas court did not afford the opportunity for a full, fair, and adequate hearing, this Court's consideration of this habeas petition will be limited to an examination of the evidence and other matters presented to the state trial, habeas, and appellate courts.

A copy of the petition and a copy of this Order shall be served by the Clerk by U. S. mail on the Respondent and on the Attorney General of the State of Georgia. The Clerk

of the Court is further directed to serve a copy of this Order upon Harden. Harden is advised that his failure to keep the Clerk of the Court informed as to any change of address may result in the dismissal of this action.

    **SO ORDERED**, this the 5th day of October, 2012.

                                <u>S/ Marc T. Treadwell</u>
                                MARC T. TREADWELL, JUDGE
                                UNITED STATES DISTRICT COURT

lnb