IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **TROY ANTHONY HARDEN,** | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Case No. 5:12-cv-218 (MTT) |
| | : | |
| Warden **KENNETH VAUGHN,** | : | Proceedings Under 28 U.S.C. § 2254 |
| Respondent. | : | Before the U.S. Magistrate Judge |
| _____ | : | |

## RECOMMENDATION

In his federal habeas corpus petition and his numerous supplemental pleadings thereto, Petitioner Troy Anthony Harden challenges one or more aspects of the following four state court criminal adjudications:

(1) On September 9, 2005, Petitioner stipulated that he had violated his probation in the Superior Court of Baldwin County, Case Number 41479, by committing the new criminal offenses of financial identity fraud and theft by receiving stolen property in Hancock County while Petitioner was serving his ten year probated sentence in Baldwin County, Case Number 41479, for one count of theft by conversion, one count of forgery in the first degree, and one count of theft by deception.

(2) On June 22, 2009, Petitioner pled guilty in the Superior Court of Hancock County, Case Number 05-cr-88, to four counts of financial identity fraud and one count of theft by receiving stolen property. The Superior Court of Hancock County sentenced Petitioner to serve a five year probated sentence.

(3) On June 22, 2011, Petitioner's probation in the Superior Court of Baldwin County, Case Number 48204, was modified after Petitioner committed the new criminal offense of theft by conversion, Petitioner failed to report to his probation officer, and Petitioner failed to pay restitution as ordered while Petitioner was serving his four year probated sentence in Case Number 48204 for one count of theft by deception.

(4) Also on June 22, 2011, Petitioner's probation in the Superior Court of Hancock County, Case Number 05-cr-88, was modified after Petitioner committed the new criminal offense of theft by conversion, Petitioner failed to report to his probation officer, and Petitioner failed to pay restitution as ordered while Petitioner was serving his five year probated sentence in Case Number 05-cr-88 for four counts of financial identity fraud and one count of theft by receiving stolen property.

Review of the Court's own records establishes that Petitioner has filed at least three state habeas corpus petitions, two of which addressed his September 9, 2005 probation revocation in Case Number 41479 and one of which addressed his June 22, 2009 guilty plea and his June 22, 2011 probation revocation in Case Number 05-cr-88.[1] Additionally, review of the Court's own records establishes that Petitioner has filed, and continues to file, federal habeas corpus petitions concerning both Case Number 41479 and Case Number 05-cr-88. Petitioner's most recent federal habeas petition, Harden v. Carter, 5:13-cv-5 (MTT), remains pending before the Court.

Presently before the Court is the Motion to Sever and Dismiss as Moot filed by Respondent Warden Kenneth Vaughn. Doc. 24. As to severability, Respondent requests that the Court sever and dismiss any grounds for relief involving the state court criminal adjudications listed as (2), (3), and (4) in the preceding paragraph because those grounds should be pursued in separate federal habeas corpus petitions in accordance with Rule 2(e) of the Rules Governing Section 2254 Cases. As to mootness, Respondent requests that the Court dismiss as moot all remaining grounds for relief involving the state court criminal adjudication listed as (1) in the preceding paragraph because Petitioner is not incarcerated pursuant to his September 9, 2005 probation revocation, and because Petitioner fails to identify any remaining collateral consequences regarding his expired sentence in Case Number 41479. Also before the Court are ten separate Motions filed by Petitioner either before or after Respondent filed the Motion to Sever and Dismiss as Moot. Docs. 15, 16, 17, 18, 19, 21, 22, 29, 33, 34.

For the reasons set forth below, it is **RECOMMENDED** that Respondent's Motion to Sever and Dismiss as Moot (Doc. 24) be **GRANTED** and that Petitioner's ten pending Motions (Docs. 15, 16, 17, 18, 19, 21, 22, 29, 33, 34) be **DENIED AS MOOT**.

---

[1] The Court has authority to take judicial notice of its own records. United States v. Rey, 811 F.2d 1453, 1457, n. 5 (11th Cir. 1987).

FACTUAL AND PROCEDURAL BACKGROUND

A.  Underlying Criminal Adjudications in State Court

On May 14, 1999, Petitioner pled guilty to one count of theft by conversion, one count of forgery in the first degree, and one count of theft by deception in the Superior Court of Baldwin County, pursuant to Case Number 41479. Doc. 27-2 at 11-13. The Superior Court of Baldwin County sentenced Petitioner to serve a concurrent ten year probated sentence for all three counts. Id. at 13. Before Petitioner's ten year probated sentence in Baldwin County expired on May 13, 2009, Petitioner was arrested in Hancock County and charged with financial identity fraud and theft by receiving stolen property. Based on these new criminal charges, Petitioner's probation officer filed a petition for probation revocation. Doc. 27-1 at 34.

On September 9, 2005, the Superior Court of Baldwin County conducted a probation revocation hearing in Case Number 41479. Doc. 27-2 at 25. Petitioner appeared with legal counsel and stipulated that he had violated the terms of his probation in Baldwin County by committing new criminal offenses in Hancock County. Doc. 27-2 at 25-114; Doc. 27-3 at 1-19. Petitioner made this stipulation in accordance with the overall "negotiated solution" reached by Petitioner, his legal counsel, and the assistant district attorney during a break in the hearing. Doc. 27-3 at 13-19. Regarding Case Number 41479, the parties agreed that Petitioner would stipulate to the probation violation in Baldwin County and that Petitioner would serve the remaining balance of his ten year probated sentence, which amounted to approximately three years and eight months, in prison. Id. Regarding the new unnumbered accusation, the parties agreed that Petitioner would plead guilty to the new criminal charges in Hancock County and that the assistant district attorney would recommend that the Superior Court of Hancock County sentence Petitioner to serve five years on probation. Id. Both the assistant district attorney and Petitioner's

legal counsel confirmed that Petitioner would plead guilty to the new criminal charges at a future date in the Superior Court of Hancock County. Id. The Superior Court of Baldwin County ultimately revoked Petitioner's probation and ordered him to "confinement in the state prison system" until Case Number 41479 "ends [on] 5/13/2009." Doc. 27-2 at 14.

On September 14, 2005, Petitioner attempted to plead guilty to the new unnumbered accusation, but the Superior Court of Hancock County refused to accept the proposed terms of the negotiated plea agreement. Doc. 27-1 at 26. Approximately two weeks later, on September 27, 2005, a grand jury in the Superior Court of Hancock County indicted Petitioner on four counts of financial identity fraud and nine counts of theft by receiving stolen property, pursuant to Case Number 05-cr-88. Doc. 1-8 at 2-5. These criminal charges remained pending until Petitioner pled guilty to four counts of financial identity fraud and one count of theft by receiving stolen property on June 22, 2009. Doc. 1-8 at 2, 6. The Superior Court of Hancock County sentenced Petitioner to serve a concurrent five year probated sentence for all five counts. Id. The five year probated sentence imposed after Petitioner's June 22, 2009 guilty plea in Case Number 05-cr-88 mirrored the proposed terms discussed by the parties during Petitioner's September 9, 2005 probation revocation in Case Number 41479.

On March 1, 2010, Petitioner pled guilty to one count of theft by deception in the Superior Court of Baldwin County, pursuant to Case Number 48204. Doc. 17-1 at 2-4. The Superior Court of Baldwin County sentenced Petitioner to serve a four year probated sentence. Id. at 4. Petitioner's probation officer subsequently filed a petition for probation modification in Case Number 05-cr-88 and a petition for probation modification in Case Number 48204. Doc. 1-8 at 8; Doc. 17-1 at 5. On June 22, 2011, the Superior Court of Hancock County concluded that Petitioner had violated the terms of his probation in Case Number 05-cr-88 and ordered that

4

Petitioner "shall serve 120 days in the Hancock County Jail suspended upon entry into a state probation detention center for the balance of this sentence [that will expire on] 6/21/2014. However, if the fine, fee, and restitution amounts are paid in full prior to entry into the detention center, [Petitioner] shall return to regular probation as originally ordered." Doc. 1-8 at 10. That same day, the Superior Court of Baldwin County concluded that Petitioner had violated the terms of his probation in Case Number 48204 and filed a virtually identical order. Doc. 17-1 at 7. Petitioner presently is incarcerated pursuant to his June 22, 2011 probation revocation in both Case Number 05-cr-88 and Case Number 48204.

B.     Underlying Habeas Corpus Proceedings in State Court

On October 20, 2005, Petitioner executed a habeas corpus petition in the Superior Court of Baldwin County in which he challenged his September 9, 2005 probation revocation in Case Number 41479. Doc. 27-6 at 1-38. In his first state habeas petition, Petitioner listed twenty-six grounds for relief. Id. The state habeas court conducted an evidentiary hearing on February 1, 2006. Id. at 39-40. On December 4, 2006, after reviewing all twenty-six grounds for relief, the state habeas court denied Petitioner's request for habeas corpus relief. Doc. 27-7 at 1-16. The Georgia Supreme Court denied Petitioner's application for certificate of probable cause to appeal the denial of his first state habeas petition on November 2, 2009. Doc. 27-8.

Before the Georgia Supreme Court denied Petitioner's application for certificate of probable cause to appeal the denial of his first state habeas petition, Petitioner apparently filed a second state habeas corpus petition in the Superior Court of Gwinnett County on April 12, 2007. Doc. 27-11 at 1-2. In his second state habeas petition, Petitioner again challenged his September 9, 2005 probation revocation in Case Number 41479. Id. On August 14, 2007, the state habeas court dismissed Petitioner's second request for habeas corpus relief as successive. Id. The

5

Georgia Supreme Court denied Petitioner's application for certificate of probable cause to appeal the dismissal of his second state habeas petition on March 3, 2008. Id.

On July 13, 2011, Petitioner executed a third state habeas corpus petition in the Superior Court of Hancock County in which he challenged his June 22, 2009 guilty plea and his June 22, 2011 probation revocation in Case Number 05-cr-88. Doc. 27-9 at 4-14. On August 10, 2011, the state habeas court transferred Petitioner's third state habeas petition to the Superior Court of Emanuel County based on Petitioner's transfer to the Emanuel Detention Center. Id. at 2-3. The record in Petitioner's other federal habeas corpus petition currently pending before the Court establishes that the state habeas court conducted an evidentiary hearing on May 23, 2012 and that the state habeas court denied Petitioner's third request for habeas corpus relief on February 20, 2013. Doc. 10-12 at 1-5; Doc. 10-13 at 1-52 in Harden v. Carter, 5:13-cv-5 (MTT). There is no evidence in the record that Petitioner applied for a certificate of probable cause to appeal the denial of his third state habeas petition.

C.      Underlying Habeas Corpus Proceedings in Federal Court

On October 10, 2005, Petitioner executed his first 28 U.S.C. § 2254 petition seeking habeas corpus relief based on his September 9, 2005 probation revocation in Case Number 41479. Doc. 1 in Harden v. Massey, 5:05-cv-377 (WDO). Petitioner's first 28 U.S.C. § 2254 petition, which was executed ten days before Petitioner executed his first state habeas petition, was dismissed without prejudice by the Court because Petitioner had failed to exhaust all available remedies in state court prior to filing his first federal habeas petition. Docs. 4, 6 in Harden v. Massey, 5:05-cv-377 (WDO).

On November 24, 2008, Petitioner executed his second 28 U.S.C. § 2254 petition seeking habeas corpus relief based on his September 9, 2005 probation revocation in Case Number

6

41479. Doc. 1 in Harden v. Hunter, 5:08-cv-443 (CAR). The Court ultimately adopted the June 19, 2009 recommendation to dismiss Petitioner's second federal habeas petition on October 7, 2009. Docs. 33, 35 in Harden v. Hunter, 5:08-cv-443 (CAR). The recommendation found that Petitioner was released from prison on November 28, 2007, which was approximately one year and six months before the expiration of his ten year probated sentence. Doc. 33 in Harden v. Hunter, 5:08-cv-443 (CAR). The recommendation also found that although Petitioner requested to be released from prison and parole, Petitioner executed his second 28 U.S.C. § 2254 petition on November 24, 2008, which was approximately one year after he had been released from prison in Case Number 41479.[2] Id. In addition, the recommendation found that Petitioner did not establish any clear violations of his due process rights concerning his September 9, 2005 probation revocation. Id. In its order adopting the recommendation, the Court concluded that Petitioner's second 28 U.S.C. § 2254 petition had been rendered moot because Petitioner's ten year probated sentence had been fully satisfied, and because no collateral consequences remained concerning his September 9, 2005 probation revocation after the May 13, 2009 expiration of his maximum release date. Doc. 35 in Harden v. Hunter, 5:08-cv-443 (CAR). Neither the June 19, 2009 recommendation nor the October 7, 2009 order specified whether the dismissal was with or without prejudice. Docs. 33, 35 in Harden v. Hunter, 5:08-cv-443 (CAR).

On June 5, 2012, Petitioner executed his third 28 U.S.C. § 2254 petition seeking habeas corpus relief. Doc. 1. According to Petitioner, his third federal habeas petition raised the "same" grounds that he previously raised in his first and second state habeas petitions in 2005 and 2007 as well as his second federal habeas petition in 2008. Id. at 2-5. The attached memorandum most

---

[2] Review of the Court's own records in Petitioner's 2011 case filed under 42 U.S.C. § 1983, which attempted to challenge his September 9, 2005 probation revocation yet again, indicates that Petitioner was arrested on September 18, 2008 and that he remained incarcerated for eight months. Docs. 1, 8 in Harden v. Bright, 5:11-cv-90 (MTT). Petitioner apparently executed his second 28 U.S.C. § 2254 petition during this eight month incarceration.

7

clearly listed the following seven grounds for relief: (1) "conspiracy 18 U.S.C. § 241 to commit involuntary servitude 18 U.S.C. § 1584;" (2) "no probable cause - warrants issued on basis of an affidavit that shows probable cause only because it contains a deliberate or reckless falsehood or omission that violates the 4th Amendment;" (3) "conviction obtained by plea of guilty which was unlawfully induced and not made voluntarily with the understanding of the nature of the charges and the consequences of the plea;" (4) "denial of right to appeal;" (5) "conviction obtained by a violation of the protection against double jeopardy;" (6) "involuntary servitude 13th Amendment violation;" and (7) "fatal variance." Doc. 1-1.

On June 25, 2012, the Court concluded that Petitioner's third 28 U.S.C. § 2254 petition was second or successive because Petitioner ostensibly was attacking the same September 9, 2005 probation revocation in Case Number 41479 that he previously attacked in his second 28 U.S.C. § 2254 petition in 2008. Doc. 5. The Court explained that Petitioner must obtain an order from the Eleventh Circuit authorizing the Court to consider his second or successive federal habeas petition. Id. Petitioner subsequently filed an application with the Eleventh Circuit, and the Eleventh Circuit denied his request as unnecessary, finding that "[d]istrict court records indicate that [Petitioner] has filed three previous habeas petitions, in 2005, 2008, and 2012, and all three petitions were denied without prejudice. Because he has not filed any subsequent habeas petitions, the current proposed § 2254 petition is not second or successive within the meaning of 28 U.S.C. § 2254(b)." Doc. 8-1 at 2.

Based on the Eleventh Circuit's ruling, Petitioner filed a motion for discretionary review, which the Court construed as a motion for reconsideration. Docs. 8, 13. The Court explained that it assumed that the second 28 U.S.C. § 2254 petition had been dismissed with prejudice but that it would proceed in accordance with the Eleventh Circuit's finding that the second 28 U.S.C. §

8

2254 petition had been dismissed without prejudice. Doc. 13. As such, the Court granted the motion for reconsideration and vacated its prior order insofar as the prior order found that Petitioner's third 28 U.S.C. § 2254 petition was successive. Id. After advising the parties that it appeared that Petitioner's "2012 petition is moot for the same reasons that his 2008 petition was moot," the Court directed Petitioner to amend his third 28 U.S.C. § 2254 petition within thirty days of October 5, 2012, "failing which [Petitioner] will be presumed to have deliberately waived his right to complain of any constitutional errors or deprivations other than those set forth in his initial habeas petition." Id. at 6. In addition, the Court directed Respondent to file an answer and a motion to dismiss within sixty days of October 5, 2012. Id. at 7.

Petitioner timely executed a supplemental brief and a motion to add additional grounds. Docs. 14, 15. In his motion to add additional grounds, Petitioner enumerated the following three grounds for relief: (8) "Respondent revoked Petitioner's parole without a final hearing [and] denied due process;" (9) "denial of due process and equal protection of the law – improper venue;" and (10) "illegal search and seizure evidence obtained in violation of the 4th Amendment, no warrant or probable cause." Doc. 15. Petitioner also filed several other motions. Docs. 16, 17, 18, 19, 21, 22. On December 7, 2012, Respondent filed his answer and motion to sever and dismiss as moot. Docs. 23, 24. Petitioner subsequently filed multiple responses, motions, and other pleadings. Docs. 26, 29, 30, 31, 32, 33, 34.

DISCUSSION

After carefully reviewing all of the pleadings filed by Petitioner, Petitioner appears to challenge, albeit to varying degrees, one or more aspects of the following four state court criminal adjudications: (1) his September 9, 2005 probation revocation in the Superior Court of Baldwin County pursuant to Case Number 41479; (2) his June 22, 2009 guilty plea in the

9

Superior Court of Hancock County pursuant to Case Number 05-cr-88; (3) his June 22, 2011 probation modification in the Superior Court of Baldwin County pursuant to Case Number 48204; and (4) his June 22, 2011 probation modification in the Superior Court of Hancock County pursuant to Case Number 05-cr-88. Even so, the record establishes that Petitioner's primary focus, as evidenced by his third 28 U.S.C. § 2254 petition and his numerous supplements thereto, is his September 9, 2005 probation revocation in Case Number 41479. The record further establishes that Petitioner's secondary focus is his June 22, 2009 guilty plea and his June 22, 2011 probation modification in Case Number 05-cr-88, which Petitioner continues to pursue in his fourth 28 U.S.C. § 2254 petition in Harden v. Carter, 5:13-cv-5 (MTT).

Because the parties apparently agree that any grounds for relief involving state court criminal adjudications (2), (3), and (4) should be pursued in a separate federal habeas corpus petition, and because another federal habeas corpus petition is presently pending before the Court with regard to Petitioner's grounds for relief involving state court criminal adjudications (2) and (4), it is appropriate to sever and dismiss without prejudice any grounds for relief involving state court criminal adjudications (2), (3), and (4) in accordance with Rule 2(e) of the Rules Governing Section 2254 Cases and to subsequently address those grounds in separate cases with more fully developed records. Assuming that the Court severs and dismisses without prejudice any grounds for relief involving state court criminal adjudications (2), (3), and (4), the only remaining grounds for relief in the instant 28 U.S.C. § 2254 petition will involve state court criminal adjudication (1). Because all remaining grounds for relief involving state court criminal adjudication (1) are moot for the exact same reasons that the Court previously identified in its order and recommendation regarding Petitioner's second 28 U.S.C. § 2254 petition, it is

appropriate to dismiss with prejudice all of Petitioner's remaining grounds for relief involving state court criminal adjudication (1) in his third 28 U.S.C. § 2254 petition.

A.     Respondent's Motion to Sever and Dismiss as Moot

   *1. The Court Should Sever And Dismiss Without Prejudice Any Grounds For Relief Involving State Court Criminal Adjudications (2), (3), and (4).*

Pursuant to Rule 2(e) of the Rules Governing Section 2254 Cases, "[a] petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court." Some district courts in the Eleventh Circuit have interpreted Rule 2(e) to permit a petitioner's challenge of three separate judgments issued by the same state superior court under the same case number. See e.g., Bray v. Terry, 2012 WL 7965872 *1 (M.D. Ga. 2012). Other district courts in the Eleventh Circuit have interpreted Rule 2(e) to prohibit a petitioner's challenge of multiple judgments imposed by more than one specific state superior court, even if two state courts share the same geographic area of personal jurisdiction and have some concurrent subject matter jurisdiction. See e.g., Gaddis v. Georgia, 2010 WL 5624604 *1 (S.D. Ga. 2010).

In this case, under either interpretation of Rule 2(e) of the Rules Governing Section 2254 Cases, there is a cognizable basis to sever those grounds for relief involving state court criminal adjudications (2), (3), and (4) and to address only those grounds for relief involving state court criminal adjudication (1). As a preliminary matter, the record establishes that Petitioner's primary focus here is those grounds for relief involving state court criminal adjudication (1) or, more specifically, his September 9, 2005 probation revocation in Case Number 41479. The record also establishes that Petitioner seeks to challenge four separate judgments, which were issued by either the Superior Court of Baldwin County or the Superior Court of Hancock County between September 2005 and June 2011 under three distinct case numbers. Petitioner concedes

11

that he is attempting to challenge the validity of multiple state court judgments in his third 28 U.S.C. § 2254 petition. Doc. 30 at 1; Doc. 31 at 1. Petitioner further concedes that he attempted to comply with Rule 2(e) of the Rules Governing Section 2254 Cases by filing a separate, fourth 28 U.S.C. § 2254 petition to pursue those grounds for relief involving state court criminal adjudications (2) and (4) in Harden v. Carter, 5:13-cv-5 (MTT). Doc. 30 at 2; Doc. 31 at 2. Review of the Court's own records indicates that Petitioner's fourth 28 U.S.C. § 2254 petition in Harden v. Carter, 5:13-cv-5 (MTT), which remains pending before the Court, is largely based on his June 22, 2009 guilty plea and his June 22, 2011 probation modification in Case Number 05-cr-88, and not his September 9, 2005 probation revocation in Case Number 41479.

Because the parties apparently agree that any grounds for relief involving state court criminal adjudications (2), (3), and (4) should be pursued in a separate federal habeas corpus petition, and because Petitioner already has filed a fourth federal habeas corpus petition to separately pursue his grounds for relief involving state court criminal adjudications (2) and (4), it seems most prudent not only to limit the Court's consideration to only those grounds for relief involving state court criminal adjudication (1), but also to sever and dismiss without prejudice all grounds for relief involving state court criminal adjudications (2), (3), and (4), which represent separate and distinct judgments from Petitioner's September 9, 2005 probation revocation in Case Number 41479.

> 2. *The Court Should Dismiss With Prejudice All Remaining Grounds For Relief Involving State Court Criminal Adjudication (1) Because These Grounds Are Moot.*

Because all remaining grounds for relief involving state court criminal adjudication (1) are moot for the exact same reasons that the Court previously identified in its order and recommendation regarding Petitioner's second 28 U.S.C. § 2254 petition, it seems most prudent

12

to dismiss with prejudice all of Petitioner's remaining grounds for relief involving state court criminal adjudication (1) in his third 28 U.S.C. § 2254 petition.[3]

Petitioner concedes, and the record confirms, that he is no longer "in custody" pursuant to his ten year probated sentence in Case Number 41479, which expired on May 13, 2009. Doc. 14 at 14; Doc. 28-1 at 4, 18, 26, 30-31; Doc. 31 at 1; Doc. 31-1 at 16. As such, when Petitioner executed his third 28 U.S.C. § 2254 petition on June 5, 2012, the ten year probated sentence arising out of his May 14, 1999 guilty plea to one count of theft by conversion, one count of forgery in the first degree, and one count of theft by deception and his September 9, 2005 probation revocation for committing new criminal offenses in Case Number 41479 had been fully satisfied for more than three years based on the undisputed maximum release date of May 13, 2009. Petitioner, therefore, does not satisfy the "in custody" requirement of the federal habeas statute. See Maleng v. Cook, 490 U.S. 488, 491 (1989) (rejecting the argument that the petitioner may be "in custody" under prior conviction when the sentence imposed for the prior conviction is fully expired at the time the habeas petition is filed).

Petitioner also fails to establish that the remaining grounds for relief involving his September 9, 2005 probation revocation in Case Number 41479 as set forth in his third 28 U.S.C. § 2254 petition "still present[] a case or controversy under Article III, Section 2, of the United States Constitution, and therefore [are] not moot." Mattern v. Secretary for Department of Corrections, 494 F.3d 1282, 1285 (11th Cir. 2007), citing Spencer v. Kemna, 523 U.S. 1, 7 (1998). Generally speaking, "[o]nce the convict's sentence has expired [...] some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral

---

[3] Although the Eleventh Circuit does not appear to have addressed the narrow issue of whether the dismissal of a 28 U.S.C. § 2254 petition as moot should be with or without prejudice, other district courts in this Circuit have dismissed with prejudice 28 U.S.C. § 2254 petitions found to be moot in cases with analogous facts. See Jenkins v. Barrow, 2010 WL 3604670 *2 (S.D. Ga. 2010); see also Bilal v. Hadi, 2006 WL 3201324 *1-8 (N.D. Fla. 2006).

consequence' of the conviction—must exist if the suit [challenging the validity of the conviction] is to be maintained." Spencer, 523 U.S. at 7. Where, as here, the only remaining grounds for relief involve Petitioner's September 9, 2005 probation revocation, Petitioner must demonstrate that his long since expired ten year probated sentence continues to have collateral consequences. Id. at 7-14. Because Petitioner does not identify, let alone establish, that any collateral consequences continued to exist after the expiration of his maximum release date, all of Petitioner's remaining grounds for relief involving state court criminal adjudication (1) have been rendered moot. In other words, the Court cannot provide any meaningful relief to Petitioner with regard to any past, present, or future grounds for relief concerning his September 9, 2005 probation revocation in Case Number 41479 because federal courts simply are not "in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong." Id. at 18.

B.      Petitioner's Ten Pending Motions

Between November 8, 2012 and January 25, 2013, Petitioner filed the following ten Motions: (1) "Motion to Add Additional Grounds" (Doc. 15), (2) "[Motion for] Action Imposed Atypical and Significant Hardship on Petitioner" (Doc. 16), (3) "Motion for a Temporary Restraining Order and Preliminary Injunction" (Doc. 17), (4) "[Motion for] a Release Order by a Three Judge Court under PLRA" (Doc. 18), (5) "Motion to Extend the Records" (Doc. 19), (6) "Motion to Extend Deadline for Amending Petition" (Doc. 21), (7) "Motion to Correct Complaint" (Doc. 22), (8) "Motion to Extend the Records" (Doc. 29), (9) "Motion to Change Respondent" (Doc. 33), and (10) "Motion to Strike" (Doc. 34). If the Court grants Respondent's Motion to Sever and Dismiss as Moot (Doc. 24), then the Court should deny as moot Petitioner's ten pending Motions as well.

CONCLUSION

For the above-stated reasons, it is hereby **RECOMMENDED** that Respondent's Motion to Sever and Dismiss as Moot (Doc. 24) be **GRANTED**. In accordance with this recommendation, the Court should sever and dismiss without prejudice any grounds for relief involving state court criminal adjudications (2), (3), and (4), and the Court should dismiss with prejudice all remaining grounds for relief involving state court criminal adjudication (1) because those grounds are moot. It is **FURTHER RECOMMENDED** that each of Petitioner's ten pending Motions (Docs. 15, 16, 17, 18, 19, 21, 22, 29, 33, 34) be **DENIED AS MOOT**.

Pursuant to the requirements of Rule 11(a) of the Rules Governing Section 2254 Cases, it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-484 (2000) (explaining how to satisfy this showing) (citation omitted). Accordingly, **IT IS FURTHER RECOMMENDED** that the Court deny a certificate of appealability in its final order.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation with the District Judge to whom this case is assigned within fourteen (14) days after being served with a copy thereof.

**SO RECOMMENDED**, this 21th day of August, 2013.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge