IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TROY ANTHONY HARDEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:12-CV-218 (MTT) |
| ) | |
| KENNETH VAUGHN, ) | |
| ) | |
| Respondent. ) | |
| ) | |

## ORDER

Before the Court is Magistrate Judge Charles H. Weigle's Recommendation on the Respondent's motion to sever and dismiss. (Doc. 36). The Magistrate Judge recommends severing and dismissing without prejudice any grounds for relief involving state court criminal adjudications other than the Petitioner's September 9, 2005 Baldwin County probation revocation (Case No. 41479). Additionally, the Magistrate Judge recommends dismissing the remaining grounds of the petition because 1) the Petitioner is no longer "in custody" for purposes of the federal habeas statute, and 2) the Petitioner has not identified any collateral consequences remaining from his revocation. Finally, the Magistrate Judge recommends denying the Petitioner's other pending motions as moot and denying a certificate of appealability because the Petitioner has failed to make a substantial showing of the denial of a constitutional right. (Docs. 15-19, 21, 22, 29, 33, 34). The Petitioner has objected to the Recommendation. (Doc. 37). Pursuant to 28 U.S.C. § 636(b)(1), the Court has thoroughly considered the Petitioner's objections

and has made a de novo determination of the portions of the Recommendation to which the Petitioner objects.

The Petitioner argues his petition is not moot because "there is a concrete reason to believe the violation will recur," making it "capable of repetition, yet evading judicial review." (Doc. 37 at 2-3).[1]  For this exception to the mootness doctrine to apply, it must be shown "(1) there [is] a reasonable expectation or a demonstrated probability that the *same* controversy will recur involving the *same* complaining party, and (2) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration." *Soliman v. United States ex rel. INS,* 296 F.3d 1237, 1242-43 (11th Cir. 2002) (internal quotation marks omitted).

The Petitioner has not shown any reason to believe he will be subjected to the same controversy again, and indeed, he acknowledges his probation in Case No. 41479 expired on May 13, 2009.  (Doc. 14 at 14).  The Petitioner has also not shown that challenges to probation revocation proceedings are "in their nature too short to be fully litigated." *United States v. Kissinger*, 309 F.3d 179, 183 (3d Cir. 2002).  Further*,* a review of the record shows the challenged action was not too short to fully litigate.  Even though the Petitioner's probation expired while his second petition[2] in federal court challenging the revocation was pending, the Superior Court of Baldwin County

---

[1] The Petitioner apparently concedes the only state court criminal adjudication he is properly challenging in this petition is his probation revocation in Case No. 41479. (Doc. 37 at 1, 8).  The Petitioner also alleges there are remaining collateral consequences from his probation revocation.  However, he never asserts what these collateral consequences are.

[2] The Petitioner's first federal habeas petition challenging the revocation was dismissed without prejudice because he failed to exhaust all available remedies in state court prior to filing in federal court.  *Harden v. Massey*, 5:05-cv-377 (Docs. 4, 6).  As discussed above, his second petition challenging the same probation revocation was dismissed as moot. *Harden v. Hunter* 5:08-cv-443.

considered the merits of the Petitioner's claim, and the Georgia Supreme Court denied a certificate of probable cause to appeal the denial of the petition. (Doc. 27-7 at 1-16; Doc. 27-8). *See Medberry v. Crosby*, 135 F. App'x 333, 335 (11th Cir. 2005) ("[T]he challenged action is not too short in duration to be fully litigated. Although [the petitioner's] placement in close management was completed by the time he reached federal court, the Florida district and appellate courts considered the merits of his claim.").

The Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge except to the extent it recommends dismissing the grounds for relief relating to the Baldwin County probation revocation in Case No. 41479 with prejudice rather than without prejudice. Otherwise, the Recommendation is adopted and made the order of this Court. Further, the Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2). Therefore, any grounds for relief involving state court criminal adjudications other than the Petitioner's probation revocation in Case No. 41479 are **DISMISSED without prejudice**, the remaining grounds concerning the Petitioner's probation revocation in Case No. 41479 are **DISMISSED without prejudice**, and a certificate of appealability is **DENIED**.[3]

**SO ORDERED**, this the 30th day of September, 2013.

                                      S/ Marc T. Treadwell
                                      MARC T. TREADWELL, JUDGE
                                      UNITED STATES DISTRICT COURT

---

[3] The Petitioner's ten pending motions (Docs. 15-19, 21, 22, 29, 33, 34) are **DENIED as moot**.